TO BE PUBLISHED

# Supreme Court of Kentucky

## 2007-SC-000331-KB

DATE 11-14-07 2nd Grovitt, D.C.

| | |
|---|---|
| KENTUCKY BAR ASSOCIATION | MOVANT |

V.                                    IN SUPREME COURT

| | |
|---|---|
| KEVIN M. CALLIHAN | RESPONDENT |

## OPINION AND ORDER

The Kentucky Bar Association (KBA) moves us to find Respondent, Kevin M. Callihan, KBA Member No. 10110, guilty of violating SCR 3.130-3.3(a)(1) and SCR 3.130-8.3(c). Callihan was admitted to the practice of law in Kentucky in October 1982. His bar roster address is 26 East Park Drive, Apartment D, Athens, Ohio 45701-5002.

## KBA FILE NO. 13014

Callihan was suspended from the practice of law in Kentucky on February 7, 2002, for nonpayment of dues. Callihan has not been reinstated and is not licensed to practice law in another jurisdiction.

On April 22, 2005, Callihan sent a document entitled "Curriculum Vitae" by email to Frank Doheny, the Trial Commissioner in a prior disciplinary action against him (KBA File No. 8865). The curriculum vitae stated that Callihan was a general practice attorney, currently on "administrative school leave." In addition, the accompanying email stated that Callihan was an attorney. A subsequent

version of the curriculum vitae stated that Callihan retired as an attorney to pursue additional education and that he is on leave from the KBA for postgraduate studies.

On December 6, 2005, the KBA initiated disciplinary proceedings against Callihan for falsely representing to Doheny that he was an attorney during a period when he was suspended, and for sending curriculum vitae that gave false information about his status and the reasons for his suspension. The Inquiry Commission charged Callihan with violating SCR 3.130-5.5(a) (a lawyer shall not practice law in a jurisdiction where doing so violates the regulation of the legal profession in that jurisdiction), SCR 3.130-3.3(a)(1) (a lawyer shall not knowingly make a false statement of material fact or law to a tribunal), and SCR 3.130-8.3(c) (it is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation).

The hearing for this matter was held on October 16, 2006. The KBA presented the testimony of two witnesses, including Doheny. Callihan, appearing pro se, offered no defense, did not question the witnesses, offered no exhibits, and presented no witness testimony on his behalf. Callihan asserted his right to remain silent and refused to answer questions.

As to the first count, the Trial Commissioner found Callihan not guilty of violating SCR 3.130-5.5(a), because there was no evidence presented that Callihan had engaged in the practice of law during his suspension. The Trial Commissioner found Callihan guilty of violating SCR 3.130-3.3(a)(1), because Callihan knowingly and falsely represented that he was authorized to practice law by presenting the email and his curriculum vitae to Doheny. Finally, the Trial

2

Commissioner found Callihan guilty of violating SCR 3.130-8.3(c), because the information contained in his curriculum vitae and his email fraudulently and deceitfully misrepresented to Doheny and anyone else who received those documents that Callihan was a lawyer in good standing with the KBA.

For these violations, the Trial Commissioner recommended, and the Board of Governors adopted as such, that Callihan be suspended from the practice of law for a period of thirty (30) days. The Trial Commissioner, in making this recommendation, considered Callihan's disciplinary history.

## CONCLUSION

After careful consideration of the facts and upon the recommendation of the KBA, this Court orders that Kevin M. Callihan be suspended from the practice of law for thirty (30) days.

Thus, it is ORDERED that:

1. Kevin M. Callihan, KBA Member No. 10110, is adjudged guilty of violating SCR 3.130-3.3(a)(1) and SCR 3.130-8.3(c).

2. He shall therefore be suspended from the practice of law for thirty (30) days, to be served consecutively to his previous suspension of 181 days.

3. Pursuant to SCR 3.450, the total costs of these proceedings, including $1,117.21 certified as of May 11, 2007, shall be assessed against him.

All sitting. All concur.

ENTERED: November 1, 2007.

_____
CHIEF JUSTICE

3