**KENTUCKY BAR ASSOCIATION,**
Movant

v.

**Rodney S. JUSTICE, KBA Member No. 37124, Respondent.**

**No. 2013–SC–000154–KB.**

Supreme Court of Kentucky.

May 23, 2013.

*OPINION AND ORDER*

The Board of Governors of the Kentucky Bar Association ("the Board" and "KBA," respectively) has recommended to

this Court that Respondent, Rodney S. Justice, be suspended from the practice of law in Kentucky for a period of 30 days. Justice, whose KBA member number is 37124, was admitted to the practice of law on October 1, 1974. His Bar roster address is 1745 East Azafran Trail, San Tan Valley, Arizona 85140.

The allegations of misconduct arise from testimony that Justice gave on August 10, 2010 in a proceeding before the Boyd Circuit Court. A recitation of Justice's disciplinary history is necessary to consideration of this matter. Justice was suspended from the practice of law for 30 days by Order of this Court dated August 24, 2006. Although Justice was technically eligible for automatic reinstatement pursuant to SCR 3.510(2), the Office of Bar Counsel (the "OBC") objected based on the existence of pending complaints.

The objection was never withdrawn and the pending complaints ultimately resulted in Justice receiving two additional suspensions. On September 20, 2007, this Court suspended Justice for a period of 60 days. On January 21, 2010, we again suspended Justice for a period of 30 days.

Justice filed an application for reinstatement with the Kentucky Office of Bar Admissions on May 3, 2010. Since 1975, Justice has also been licensed to practice law in West Virginia. He received a Certificate of Good Standing from the West Virginia State Bar Association dated June 2, 2010. This certificate was added to his application for reinstatement. Later, on February 24, 2011, the West Virginia Court of Appeals imposed a reciprocal suspension arising from Justice's January 21, 2010 suspension in Kentucky.

Thus, on August 10, 2010, when Justice testified before the Boyd Circuit Court, his application for reinstatement to the KBA was pending. During the course of his testimony, Justice was asked when he was admitted to the practice of law, to which he replied, "1974." He was then asked when he stopped practicing law and Justice responded, "2006." The following exchange then occurred:

Q: Currently, are you suspended from the practice of law?

A: No.

Q: Just not actively practicing?

A: Correct.

The OBC considered this testimony to be false. The Inquiry Commission issued a two-count charge. Count I alleged a violation of SCR 3.130–3.3(a)(1), which prohibits an attorney from "knowingly mak[ing] a false statement of fact or law to a tribunal or fail[ing] to correct a false statement of material fact or law previously made to a tribunal by the lawyer." Count II alleged that Justice had engaged in conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of SCR 3.130–8.4(c).

A trial commissioner was appointed, though a hearing was never conducted. Instead, the parties entered joint stipulations as to the facts. The trial commissioner ultimately found Justice not guilty of both counts in the charge. The thrust of the trial commissioner's ruling was that Justice's statements were not false because at the time of his testimony he was licensed to practice law in West Virginia. Further, the trial commissioner was persuaded by the fact that Justice's suspensions were for definite periods of time which had passed and his reinstatement application was pending.

The OBC filed a notice of appeal and the Board of Governors considered the matter de novo. By a vote of 12–4, the Board found Justice guilty of both counts. The Board rejected the OBC's request for a suspension of 61 days, instead recommending a 30–day suspension. Neither Justice

nor the OBC has filed a notice of review pursuant to SCR 3.370.

■ We agree with the Board that Justice's testimony was false. On August 10, 2010, Justice replied in the negative when asked if he was suspended from the practice of law. Indeed, he *was* suspended from the practice of law. He was suspended from the practice of law in Kentucky. The fact that an application for reinstatement was pending might have provided more detail to his response, but it does not change the reality that he was not then permitted to practice law in Kentucky. Justice was not eligible for automatic reinstatement by virtue of the OBC's objection, which had not been withdrawn. *See* SCR 3.510(2). An attorney who has been suspended may not practice law while an application for reinstatement is pending. SCR 3.130–5.5(a). Simply put, the suspended attorney is suspended until reinstated.

Also irrelevant is the fact that, at the time of his testimony, Justice was a member in good standing of the West Virginia State Bar Association. Justice was not asked whether he was suspended from the practice of law *in West Virginia.* He was simply asked whether he was suspended from the practice of law. We also note that the overall context of Justice's entire testimony strongly suggests that both the examining attorney and Justice understood the questions to be in reference to Justice's practice of law in Kentucky, not West Virginia.

■ Furthermore, we accept the Board's recommended sanction. We have imposed a 30–day suspension in similar cases. *See Kentucky Bar Ass'n v. Callihan,* 236 S.W.3d 608 (Ky.2007) (attorney suspended from practice for 30 days for three ethical violations arising from misrepresentations regarding his suspension for non-payment of dues). Therefore, pursuant to SCR 3.370(10), this Court adopts the decision of the Board and hereby ORDERS that:

1. Rodney S. Justice, KBA Member No. 37124, is guilty of violating SCR 3.130–3.3(a)(1) and SCR 3.130–8.4(c) as set forth herein;

2. Justice is hereby suspended from the practice of law in the Commonwealth of Kentucky for a period of thirty (30) days. Said suspension is to be served concurrently with any and all suspensions ordered prior to this date; and

3. Pursuant to SCR 3.450, Justice shall pay the costs of this disciplinary proceeding, said sum being $643.46, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: May 23, 2013.

/s/ <u>John D. Minton, Jr.</u>